| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION AND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(B); PLAINTIFF'S ALTERNATIVE MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59 (Dkt. 74, filed December 5, 2018)

## I. INTRODUCTION & BACKGROUND

Plaintiff Mike K. Ireland was the partial owner of Micro Capital Limited Partnership ("Micro Capital"), which had failed to make full payments of federal employment taxes for the taxable periods ending June 30, 2008; September 30, 2008; and March 31, 2009 (the "Taxable Periods"). Dkt. 44-1, Stipulation of Facts ("Stipulation), ¶¶ 2, 56–57, 62–63, 69–70. Micro Capital ultimately ceased operations in the third quarter of 2009 without paying the employment taxes it owed, id. ¶¶ 79, 82, which resulted in an assessment by the Internal Revenue Service ("IRS") of a Trust Fund Recovery Penalty ("TFRP") against plaintiff, id. ¶¶ 83–85. Plaintiff subsequently paid the $333,060.86 penalty to the United States Treasury. Id. ¶ 86.

On March 14, 2017, plaintiff Mike L. Ireland filed the instant complaint against defendant United States of America (the "government"). Dkt. 1 ("Compl."). Plaintiff asserts that he is entitled to a refund of $333,060.86, plus interest, resulting from his payment of the TFRP, and that he is entitled to abatement of unpaid employment taxes for the Taxable Periods. See Compl. ¶ 76. The Court denied the government's motion for summary judgment on April 2, 2018, and the action proceeded to a jury trial. Dkt. 29,

The trial commenced on November 6, 2018, and lasted two days. Dkts. 63–64. After both parties rested, plaintiff moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Dkt. 76, November 7, 2018 Trial Transcript

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

("11/7 Transcript") at 43:2–44:5.  The Court reserved judgment on the motion. Id. at 44:6–8.  The jury returned a verdict for the government finding that plaintiff was liable for the TFRP for each of the Taxable Periods.  Dkt. 70 ("Special Verdict Form").

On December 5, 2018, plaintiff filed the instant renewed motion for judgment as a matter of law pursuant to Rule 50(b), and, in the alternative, a motion for new trial pursuant to Rule 59.  Dkt. 74 ("Mot.").  The government filed its opposition on December 28, 2018, dkt. 78 ("Opp'n"), and plaintiff filed a reply on January 10, 2019, dkt. 79 ("Reply").

On January 15, 2019, after finding this motion appropriate for decision without oral argument, the Court vacated the hearing date of January 28, 2019, and took the matter under submission. Dkt. 62; Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Having considered the parties' arguments, the Court denies both motions for the following reasons.

## II.     LEGAL STANDARDS

### A. Motion for Judgment as a Matter of Law

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  If the court does not grant a motion for judgment as a matter of law pursuant to Rule 50(a), a party may file a renewed motion for judgment as a matter of law after trial.  Fed. R. Civ. P. 50(b).  "A renewed motion for [judgment as a matter of law] is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'"  Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1242 (9th Cir. 2014) (quoting Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002)).  "A jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible."  Id.  While the court should review the record as a whole, "it must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

### B. Motion for a New Trial

Federal Rule of Civil Procedure 59(a)(l) provides that, after a jury trial, a court may grant a motion for a new trial based "on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," district courts are "bound by those grounds that have been historically recognized." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to: (1) a verdict that is contrary to the weight of the evidence; (2) a verdict that is based on false or perjured evidence; (3) damages that are excessive; or (4) to prevent a miscarriage of justice. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir.2007). When a motion for a new trial is based on insufficiency of the evidence, courts must evaluate the evidence and may assess for itself the credibility of witnesses. See Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990). A district court "may grant a new trial only if the verdict is against the clear weight of the evidence, and may not grant it simply because the court would have arrived at a different verdict." Pavao, 307 F.3d at 918.

## III. DISCUSSION

### A. Background on TFRP Liability

The Internal Revenue Code requires employers to withhold federal social security and individual income taxes from their employees' wages. Davis v. United States, 961 F.2d 867, 869 (9th Cir. 1992) (citing 26 U.S.C. §§ 3102(a) and 3402(a)). Employers collect these tax amounts each salary period, but pay them to the IRS on a quarterly basis. In the interim, the employer holds the collected taxes in trust for the United States. Davis, 961 F.2d at 869. If an employer ultimately fails to pay over the collected taxes, the government still credits the employees with the payment. Accordingly, to protect against revenue losses, the tax code provides the United States a variety of ways to recover the taxes from the employer. Id. (citing Slodov v. United States, 436 U.S. 238, 243 (1978), and 26 U.S.C. §§ 6321, 6672, 7202, and 7215). In particular, section 6672 provides that

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

Liability under section 6672 is thus composed of two elements: (1) that the taxpayer was a "responsible person" who (2) "willfully failed" to collect, account for, or pay over such taxes. See United States v. Sabaratnam, No. 14-CV-04504-SJO-RZ, 2015 WL 6667765, at *12 (C.D. Cal. Sept. 8, 2015), aff'd, 683 F. App'x 614 (9th Cir. 2017). "A taxpayer may establish that an assessment or determination is without foundation by establishing that he (1) is not a responsible person (i.e., the party required to collect, truthfully account for, and pay over the tax), and (2) did not willfully refuse to pay the tax." See id.

### B. Plaintiff's Motion for Judgment as a Matter of Law

At trial, plaintiff bore the burden of demonstrating that he was not liable for the TFRP. 26 U.S.C. § 2672. Plaintiff argues that, based on the evidence presented at trial, no reasonable jury could have found him to a responsible person with respect to Micro Capital for each Taxable Period. Mot. at 9. Plaintiff does not cite to any portion of the trial record to support his arguments. The government argues that the jury's verdict was reasonable, and provides specific citations to the evidence presented at trial to support its argument. See Opp'n at 1–5. As explained below, the Court finds that substantial evidence supported the jury's findings that plaintiff was a responsible person and that he acted willfully with respect to each quarter.

#### 1. Evidence that Plaintiff was a Responsible Person

Under section 6672, a responsible person is anyone "required to collect, truthfully account for, and pay over" trust fund taxes. In the Ninth Circuit, "responsibility is a matter of status, duty, and authority." Purcell v. United States, 1 F.3d 932, 937 (9th Cir. 1993) (internal quotation marks omitted). An individual is therefore a responsible person if he "had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact." Id. Persons "responsible" for payment of withholding taxes are those who "had the final word as to what bills should or should not be paid, and when." Id. at 936.

"That an individual's day-to-day function in a given enterprise is unconnected to financial decision making or tax matters is irrelevant where that individual has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 | |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | | |

authority to pay or to order the payment of delinquent taxes." Purcell, 1 F.3d at 937 (citing Denbo v. United States, 988 F.2d 1029, 1033 (10th Cir.1993); Bowlen v. United States, 956 F.2d 723, 728 (7th Cir.1992); McDermitt v. United States, 954 F.2d 1245, 1251 (6th Cir. 1992)); see also United States v. Jones, 33 F.3d 1137, 1140 (9th Cir. 1994). Instead, "[c]ourts must look beyond official titles to the actual decision-making process." Jones, 33 F.3d at 1140 (citation omitted). "[A]n individual may be said to have had the final word as to what bills should or should not be paid if [the] individual had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact." Purcell, 1 F.3d at 937 (quotation marks omitted). Authority that "permits control," in turn, "carries with it a nondelegable duty to ensure that withholding taxes are duly collected and paid over to the government." Id.

The Ninth Circuit has also considered various factors, none of which is alone determinative, in deciding whether an individual is a responsible person for purposes of section 6672. An individual is more likely to be found responsible if he (1) holds corporate office; (2) has check-signing authority; (3) can hire and fire employees; (4) manages the day-to-day operations of the business; (5) prepares payroll tax returns; (6) signs financing contracts; and (7) determines financial policy. See United States v. Jones, 33 F.3d 1137, 1141 (9th Cir. 1994); Jordan v. United States, 359 F. App'x 881, 882 (9th Cir. 2002).

As detailed below, sufficient evidence was presented at trial to support the jury's verdict with respect to plaintiff's status as a responsible person.

### i. Plaintiff had a Significant Ownership Interest and Presented Himself as a CEO and Owner

Plaintiff was a 44% owner of Micro Capital Limited Partnership ("Micro Capital"). Stipulation ¶ 2. Micro Capital was also owned by T.J. Pantaleo (44% owner) and Silicon Valley Bank (12% owner). Id. ¶¶ 1, 3–4. Plaintiff referred to himself in front of Micro Capital's major clients as Micro Capital's CEO and owner. Dkt. 75, November 6, 2018 Trial Transcript ("11/6 Transcript") at 27:12–14, 28:17–21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

### ii. Plaintiff had Signature Authority over Micro Capital's Bank Accounts

Plaintiff had signature authority for a Wells Fargo Bank account ending in 9397 opened by Micro Capital on May 7, 2008, and his position was listed as CEO on the application to open that account. Stipulation ¶¶ 42–43. This account was used as a payroll account to make payments to Micro Capital's employees, and later to Vensure HR, an employee leasing company. Id. ¶ 45. Plaintiff also had signature authority for a Wells Fargo Bank account ending in 9405, also opened by Micro Capital on May 7, 2008. Id. ¶¶ 47–48. This account was used as a general business account to pay suppliers and other service providers of Micro Capital. Id. ¶ 50.

### iii. Plaintiff Hired and Fired Employees

Plaintiff hired Nate Miller in December 2007 as the Chief Financial Officer ("CFO") of Micro Capital. 11/6 Transcript at 24:20–25, 25:1–3. Plaintiff also fired Jason Crandall, the president of Micro Capital. Id. at 48:9–18.

### iv. Plaintiff Signed Financing Contracts

When Micro Capital was experiencing cash flow difficulties in the months preceding February 2008, plaintiff signed, as CEO of Micro Capital, a "Sale of Accounts and Security Agreement" with Rexford Funding, LLC to obtain funding so that Micro Capital could meet its financial obligations. Stipulation ¶¶ 20–21, 23; Exhibit 21, pages 4 and 15. Plaintiff also signed the exhibits to the sale agreement as the Managing Partner of Micro Capital. Exhibit 9, Page 7. Plaintiff personally guaranteed the receivables purchased by Rexford. Stipulation ¶ 24, Exhibit 8. On January 6, 2009, plaintiff signed, as CEO of Micro Capital, the First Amendment to Sale of Accounts and Security Agreement with Rexford. Stipulation ¶ 25; Exhibit 21, page 1–2.

### v. Plaintiff Contributed Personal Funds to Micro Capital and Made Decisions about Financial Policy

At trial, Miller, who was the CFO of Micro Capital, testified that plaintiff made the ultimate decision on which creditors got paid. 11/6 Transcript at 56:22–25. Miller further testified that plaintiff "had a standing order" not to pay the employment taxes that were owed because plaintiff "wanted to preserve the money until he had time to find a buyer" and to keep the business going. Id. at 57:17–21, 58:4–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

### vi. Plaintiff's Arguments to the Contrary are Unavailing

Plaintiff argues that no reasonable jury could have found that plaintiff was a responsible person because: (1) he was not, officially, an officer or on the board of directors; (2) he only held a minority interest in the company; (3) he was not active in the day-to-day management of the company; (4) he did not have a controlling ownership interest in the company; (5) he generally did not make decisions regarding what order outstanding debts or taxes would be paid; (6) he did not exercise control over daily bank accounts and disbursement records; and (7) he did not exercise his check-signing authority. Mot. at 9.

Although plaintiff presents some facts that could militate against a finding that plaintiff was a responsible person, none of these facts preclude a finding that plaintiff was a responsible person. Although the Ninth Circuit has considered the above factors in the past in deciding whether an individual is a responsible person, no single factor alone is determinative. Rather, the overarching inquiry is whether plaintiff "had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact," and whether plaintiff "had the final word as to what bills should or should not be paid, and when." Purcell, 1 F.3d at 936, 937. Despite plaintiff's arguments to the contrary, the Court finds that the jury was presented with substantial evidence to support a finding that plaintiff was a responsible person. In light of this finding, the Court concludes that there is no reason to grant plaintiff's motion for judgment as a matter of law with respect to the issue of whether plaintiff was a responsible person.

### 2. Evidence of Willfulness

A "responsible person" is liable for the TFRP if he "willfully fails" to comply with his duties under section 6672. See 26 U.S.C. § 6672(a). "Willfulness," for purposes of section 6672, means "a voluntary, conscious and intentional act to prefer other creditors over the United States." Nakano v. United States, 742 F.3d 1208, 1211 (9th Cir. 2014). Thus, "[i]f a responsible person knows that withholding taxes are delinquent, and uses corporate funds to pay other expenses, even to meet the payroll out of personal funds he lends the corporation, our precedents require that the failure to pay withholding taxes be deemed 'willful.'" Phillips v. U.S. I.R.S., 73 F.3d 939, 942 (9th Cir. 1996). "No bad motive need be proved, and conduct motivated by reasonable cause, such as meeting the payroll, may be 'willful.'" Id. Reckless disregard of whether taxes are being paid over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

may suffice. See id. "But the Government must prove more than mere negligence." Id. (quoting Klotz v. United States, 602 F.2d 920, 924 (9th Cir. 1979)).

The Court finds that the evidence presented at trial adequately supported the jury's finding that plaintiff acted at least recklessly with respect to the taxes owed for each Taxable Period. For each Taxable Period, Micro Capital had employees but failed to withhold and pay the employees' portion of employment taxes. Stipulation ¶¶ 56–57, 62–63, 69–70. At trial, Miller testified that he first discovered that employment taxes were not being paid in July 2008, and that he immediately informed plaintiff. 11/6 Transcript at 50:18–25, 51:21–25, 52:1–3; 77:3–5. At plaintiff's request, Miller sent plaintiff an email on August 25, 2008, explaining that the unpaid tax liability was approximately $400,000, and that plaintiff could be held personally responsible by the IRS. Id. at 53:2–25, 54:1–6; Exhibit 15.

Miller then asked plaintiff, on multiple occasions, to contribute his personal money to help pay Micro Capital's creditors. 11/6 Transcript at 55:6–14. Plaintiff subsequently contributed a "couple hundred" thousand dollars to Micro Capital. Id. at 55:15–25. Miller testified that plaintiff had a "standing order" that Micro Capital was not to pay the employment taxes that were owed. Id. at 57:12–21. Miller also testified that it was his understanding that the money plaintiff contributed to Micro Capital was not to be used to pay the employment taxes, but was to be used to keep the business going. Id. at 58:4–10. From January 1, 2009 to June 30, 2009, the total checks paid from the Wells Fargo accounts—for which plaintiff had signature authority—amounted to $2,077,872.77. Stipulation ¶¶ 46, 51. The IRS did not receive any payments from Micro Capital for the taxes it owed before Micro Capital ceased operations. Id. ¶ 82.

Plaintiff argues that no reasonable jury could have found that he acted willfully with respect to the second quarter of 2008 because he was not informed of the tax delinquencies until at least July 2008, after the second quarter was already over. Mot. at 13. Plaintiff also argues that he presumed the executive team of Micro Capital was competent to resolve the employment tax liabilities, and thus could not have acted willfully in failing to comply with section 6672. Id. at 14. And although plaintiff concedes that his failure to inquire about tax delinquencies with respect to the other Taxable Periods, was "probably negligent," he asserts that it was not willful. Id. Plaintiff does not acknowledge in his motion that a finding of "willfulness" may be based on a finding of reckless disregard of whether taxes are being paid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

Plaintiff's arguments are unavailing. First, with respect to the timing of when plaintiff first learned that Micro Capital had become delinquent in paying its employment taxes, plaintiff provides no legal authority supporting his argument that his actions cannot be deemed willful if he did not know that the taxes were owed for a certain financial quarter until after the quarter ended. This contention is entirely irrelevant to the issue of whether plaintiff made a voluntary, conscious, and intentional act to prefer other creditors over the United States *once he knew* that Micro Capital's taxes were delinquent. And despite plaintiff's bare assertion to the contrary, the Court finds that the jury was presented with sufficient evidence to support a finding that plaintiff at least acted recklessly when he failed to inquire about whether Micro Finance paid employment taxes for the second and third Taxable Periods. Accordingly, the Court concludes that there is no reason to grant plaintiff's motion for judgment as a matter of law with respect to the issue of whether plaintiff acted willfully.

Plaintiff also argues that because the jury only deliberated for 35 minutes, they could not have possibly deliberated with respect "to the distinction between willful and negligent" for each of the three tax periods. Mot. at 15. But "[i]f the evidence is sufficient to support the verdict, the length of time the jury deliberates is immaterial." Guar. Serv. Corp. v. Am. Emp'rs Ins. Co., 893 F.2d 725, 729 (5th Cir. 1990). The Court finds that there was ample evidence presented at trial to support the jury's verdict, and thus finds no reason to reverse the jury's verdict solely based on the length of the jury's deliberations.

Accordingly, the Court **DENIES** the plaintiff's motion for a judgment as a matter of law.

### C. Plaintiff's Motion for a New Trial

In one brief sentence, plaintiff requests a new trial without providing any supporting argument or legal analysis. Mot. at 15. Although plaintiff does not clearly specify the grounds upon which his motion for a new trial is based, it appears that he is relying on his argument that the jury did not follow its duty to deliberate. For the reasons stated above, the Court declines to grant a new trial on the basis of the length of the jury's deliberations. And to the extent plaintiff's motion for a new trial is based on his argument that the jury's verdict was contrary to the weight of the evidence, the Court declines to grant a trial on this basis as it has found that substantial evidence supported the jury's verdict. Plaintiff does not otherwise argue that the verdict was based on false

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:17-cv-02014-CAS-AGRx | Date | January 23, 2019 |
|---|---|---|---|
| Title | MIKE L. IRELAND v. UNITED STATES OF AMERICA | | |

or perjured evidence, or that a new trial would prevent a miscarriage of justice. Accordingly, the Court declines to grant plaintiff's motion for a new trial.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** the plaintiff's motion for a judgment as a matter of law, and **DENIES** plaintiff's alternative motion for a new trial.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |